1  **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

Pamela Ann Beck,                      )    CV 11-01813-PHX-FJM
9                                     )
              Plaintiff,              )    **ORDER**
10                                    )
vs.                                   )
11                                    )
Michael J. Astrue,                    )
12                                    )
              Defendant.              )
13  _____ )

14        This is an appeal from a denial of social security disability benefits.  We have before

15  us plaintiff's opening brief (doc. 12), defendant's response (doc. 13), and plaintiff's reply

16  (doc. 14).

17        A court may set aside a denial of benefits "only if it is not supported by substantial

18  evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.

19  2002) (citation omitted).  Substantial evidence is "relevant evidence which, considering the

20  record as a whole, a reasonable person might accept as adequate to support a conclusion.

21  Where the evidence is susceptible to more than one rational interpretation, one of which

22  supports the ALJ's decision, the ALJ's conclusion must be upheld." Id. (citations omitted).

23  "We review only the reasons provided by the ALJ in the disability determination and may

24  not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625,

25  630 (9th Cir. 2007).

26                        **I. Background**

27        Plaintiff filed applications for disability insurance benefits and supplemental security

28  income in April 2009.  Her applications were denied initially and on reconsideration.  An

administrative law judge (ALJ) held a hearing in October 2010.  Both the plaintiff and a vocational expert (VE) testified.  The ALJ denied plaintiff's application on December 23, 2010.  The Appeals Council denied plaintiff's request for review on July 19, 2011, rendering the ALJ's decision final.

Plaintiff is fifty-five years old with an eleventh grade education, and was fifty years old on her alleged disability onset date of August 7, 2007.  She previously worked as an assembly line factory worker and stopped working due to back pain.  Plaintiff has also been diagnosed with stage-three chronic kidney disease, hypertension, carpal tunnel syndrome, and fatty liver disease.

## II. The ALJ's Disability Determination

The ALJ followed the Social Security Act's five-step procedure to determine whether plaintiff is disabled under the Act.  See 20 C.F.R. § 416.920(a)(4).  The ALJ first determined that plaintiff had not engaged in substantial gainful activity since the date of alleged disability onset.  At step two, the ALJ found that plaintiff has a number of impairments that are severe when considered in combination: degenerative disc disease of the lumbar spine with spondylosis and radiculopathy, hypertension, asthma, and a fatty liver.[1]

At step three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment.  The ALJ proceeded to calculate the plaintiff's residual functional capacity ("RFC").  He found that plaintiff has the RFC to perform light, unskilled work with a sit/stand option.  Additionally, the ALJ concluded that plaintiff cannot crawl, crouch, climb, squat, kneel, use her lower extremities to push and pull, or use her upper extremities above her shoulder level.  Based on this RFC, the ALJ concluded at step four that the plaintiff is unable to perform her past relevant work.  He noted that plaintiff was 50 years old as of the alleged disability onset date and is an individual closely approaching advanced age as defined by the Social Security Act.  The ALJ

---

[1] The ALJ found that plaintiff's depression and sleep disorder were non-severe impairments.  Plaintiff does not challenge this finding.

1  decided that transferability of job skills is immaterial because plaintiff's previous work was
2  unskilled.

3      The ALJ consulted a VE at the hearing. The VE testified that a person with plaintiff's
4  RFC could perform the jobs of a cashier, an assembler, and a general office clerk.[2]  If
5  plaintiff had the RFC proposed by treating physician Dr. Benjamin, however, the VE testified
6  that she would not have the capacity to perform even sedentary work.  The ALJ concluded
7  at step five that plaintiff is not disabled because there are a significant number of jobs in the
8  national economy that plaintiff can perform.

9              **III. Weight Given to Treating Physician Dr. Mathew Benjamin**

10     Dr. Benjamin, one of plaintiff's treating physicians, completed a physical capacities
11 evaluation on August 16, 2010.  He concluded that plaintiff can sit, stand, and walk for a
12 total of two hours each.  She can sit for fifteen minutes at a time, can stand for ten minutes
13 at a time, and can walk for twenty minutes at a time.  She can continuously lift and carry up
14 to ten pounds and can occasionally lift and carry twenty pounds.  Dr. Benjamin noted that
15 plaintiff cannot use her left hand for simple grasping, and cannot use her feet for repetitive
16 movements.  She can occasionally bend, squat, climb and reach, but can never crawl.  Her
17 capacities are expected to deteriorate over the course of the workday, and to fluctuate from
18 day to day.  Tr. at 639.  Finally, Dr. Benjamin found that plaintiff suffers from moderately
19 severe pain and moderate fatigue, and does not have the stamina to sustain a full-time work
20 schedule.  Tr. at 640.  This opinion differed from that of consulting examiner Dr. Keith
21 Cunningham, who concluded after examining plaintiff in July 2009 that she had no
22 limitations in her ability to sit, stand, or walk.  Tr. at 349-50.  The ALJ assigned Dr.
23 Benjamin's opinion "significant, but not controlling evidentiary weight." Tr. at 44.  Plaintiff
24 argues that this was error.

25     A medically acceptable treating source's opinion will be given controlling weight if
26

27 _____
28     [2] The ALJ mistakenly lists these three jobs in his decision as cashier, assembler, and
cashier.  Tr. at 45.

the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2); see also Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001).  An ALJ must articulate specific and legitimate reasons supported by substantial evidence to reject a treating physician's opinion that is contradicted by another physician's opinion.  Bray v. Comm'r of Social Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

Here, the reason offered by the ALJ for failing to assign Dr. Benjamin's opinion controlling weight is that "none of the claimant's other treating physicians imposed restrictions as limiting" as Dr. Benjamin's assessment. Tr. at 44. Plaintiff complains that this is not a specific or legitimate reason to reject some of Dr. Benjamin's proposed limitations because no other treating physicians completed an RFC assessment.  However, the ALJ's observation that no other treating doctors imposed  restrictions on plaintiff's activities (thus inferring that Dr. Benjamin's assessment is not adequately supported by the medical evidence) is a specific and legitimate reason.  Moreover, it is supported by substantial evidence in the record.  There is no indication in the treatment notes that any of plaintiff's doctors limited her activities in line with Dr. Benjamin's recommendations.  Instead, treatment notes from the Mesa Pain Management Center suggest that plaintiff was coping with the help of her pain medication regimen.  The notes frequently observed that plaintiff had normal (as opposed to frequent or alternate sitting/standing) position changes. Tr. at 415, 422, 430, 437.  Plaintiff repeatedly reported to the pain center that she was able to function independently and perform all activities of daily living with the pain medication prescribed. Tr. at 416, 423, 431, 438, 446, 453.  Additionally, Dr. Benjamin's own treatment notes from June 2010 note that plaintiff "has stopped Methadone" and her "back pain is ok." Tr. at 616. Finally, the ALJ did assign significant weight to Dr. Benjamin's opinion, incorporating many of his proposed limitations into plaintiff's RFC.  Viewing the record as a whole, the ALJ's conclusion that Dr. Benjamin's RFC assessment was not supported by plaintiff's other treating physicians is supported by "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas, 278

1    F.3d at 954 (citation omitted).  The ALJ did not err when assigning weight to Dr. Benjamin's
2    opinion.

3    <center>**IV. Subjective Pain Testimony**</center>

4         Plaintiff testified that she cannot work due to pain.  She stated that she can stand for
5    ten to fifteen minutes and can sit for about half an hour.  Tr. at 84-85.  She will then lie down
6    for about forty-five minutes at a time.  Tr. at 85.  In a function report completed by plaintiff
7    in 2009, she stated that she can complete some housework and cook occasional meals, but
8    these tasks take a long time to complete because she has to rest.  Tr. at 248.  Plaintiff's
9    complaints of pain are frequently noted in her medical records.

10        Plaintiff argues that the ALJ improperly evaluated the credibility of her subjective
11   pain testimony.  The evaluation of a claimant's subjective symptoms requires a two-step
12   analysis.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).  First, the ALJ must decide
13   if the plaintiff "presented objective medical evidence of an underlying impairment which
14   could reasonably be expected to produce the pain or other symptoms alleged."  Id. (citation
15   omitted).  Unless there is evidence of malingering, an ALJ can only reject the plaintiff's
16   testimony if he gives "specific, clear and convincing reasons."  Id. (citation omitted).  To
17   support a finding that plaintiff lacks credibility, the ALJ must reference "specific facts in the
18   record" to demonstrate that plaintiff "is in less pain than she claims."  Id. at 592 (citation
19   omitted).

20        Here, the ALJ found that the plaintiff's impairments "could reasonably be expected
21   to cause only some of the symptoms alleged."  Tr. at 44.  This satisfies the first prong.  See
22   Vasquez, 572 F.3d at 591.  He concluded, however, that plaintiff's "statements concerning
23   the intensity, persistence and limiting effects of these symptoms are not credible to the extent
24   that they are inconsistent with the [RFC] assessment."  Tr. at 44.  The ALJ states that "the
25   medical evidence does not support [plaintiff's] allegation."  Tr. at 42.  A general finding that
26   pain testimony is not credible because it is not supported by the medical evidence is not
27   sufficient.  See Vasquez, 572 F.3d at 592 ("vague allegation" that complaints of back pain
28   were inconsistent with objective medical evidence not sufficiently specific).  The only

<center>- 5 -</center>

1   specific portions of the medical record referenced by the ALJ that he concluded demonstrate

2   plaintiff is not in as much pain as she claims are Dr. David Leff's treatment notes from

3   plaintiff's visit on April 28, 2009.  Tr. at 43.  The ALJ notes that "Dr. Left [sic] did not

4   impose any limitations" on plaintiff's RFC, and concludes that this "absence of limitations

5   indicates the [plaintiff's] impairments were not as severe as she has alleged, which diminishes

6   her credibility."  Id.  Plaintiff testified that she experienced significant back pain.  Her visit

7   to Dr. Leff in April 2009 was for treatment of her fatty liver disease, not for treatment of her

8   back.  Tr. at 371.  Thus, the stated basis for the ALJ's rejection of plaintiff's subjective pain

9   testimony was not sufficient.

10                              **V. Lay Witness Testimony**

11          Michelle Clevinger, plaintiff's friend, completed a third party function report in

12   October 2009.  Tr. at 254-61.  Ms. Clevinger described the impact of plaintiff's pain on her

13   daily functioning, stating that the pain makes it more difficult for plaintiff to perform

14   personal care, and forces plaintiff to take a break every fifteen minutes.  The ALJ did not

15   mention Ms. Clevinger's testimony at all.  This was error.  Molina v. Astrue, __ F.3d __, No.

16   10-16578, 2012 WL 1071637, at *7 (9th Cir. 2012) (ALJ cannot disregard competent lay

17   witness testimony without comment).  An ALJ's failure to address lay witness testimony is

18   harmless error if the same evidence relied on by the ALJ to properly discredit the plaintiff's

19   subjective claims also discredits that lay witness's claims.  Id. at __, 2012 WL 1071637, at

20   *13.  In this case, because the ALJ did not properly discredit plaintiff's subjective pain

21   testimony, his failure to acknowledge or discuss Ms. Clevinger's testimony is not harmless

22   error.

23                              **VI. Carpal Tunnel Syndrome**

24          Finally, plaintiff argues that the ALJ's failure to address plaintiff's carpal tunnel

25   syndrome was error.  Plaintiff was diagnosed with carpal tunnel syndrome by Dr. Benjamin.

26   Tr. at 389.  In February 2010, state agency consultant Dr. Dodson reviewed the record and

27   acknowledged plaintiff's carpal tunnel syndrome diagnosis.  He affirmed the RFC assigned

28   by Dr. Cunningham, but added an additional limitation on plaintiff's left side to frequent

1  handling, fingering and feeling. Tr. at 496. The ALJ did not discuss carpal tunnel syndrome
2  anywhere in his decision. This was error. See 20 C.F.R. § 404.1545(a)(2) (in assessing
3  RFC, ALJ will consider "all of your medically determinable impairments of which we are
4  aware, including your medically determinable impairments that are not 'severe'").

5      This error, however, is harmless. For the reasons discussed above, the ALJ properly
6  considered Dr. Benjamin's opinion. And although the ALJ did not discuss or adopt Dr.
7  Dodson's opinion that plaintiff be limited to frequent fingering, handling, and feeling, neither
8  the general office clerk nor the cashier occupations require more than frequent fingering,
9  handling, or feeling. See Dictionary of Occupational Titles (DOT) 209.562-010, 1991 WL
10  671792 (office clerk); DOT 211.462-010, 1991 WL 671840 (cashier). The VE testified that
11  there are 16,000 jobs available in Arizona and three million nationwide for the cashier
12  position alone. Tr. at 92. Thus, even if the ALJ erred in failing to adopt Dr. Dodson's
13  manipulative limitations based on plaintiff's carpal tunnel syndrome, this does not undermine
14  the ALJ's conclusion that there were available jobs in the national economy that plaintiff
15  could perform.

16  **VII. Appropriate Remedy**

17      Plaintiff argues that the appropriate remedy is to credit her subjective pain testimony
18  and Ms. Clevinger's testimony as true and remand for an immediate award of benefits. We
19  credit evidence as true and remand for benefits where "(1) the ALJ has failed to provide
20  legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that
21  must be resolved before a determination of disability can be made, and (3) it is clear from the
22  record that the ALJ would be required to find the claimant disabled were such evidence
23  credited." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). Here, the VE testified that
24  plaintiff would be unable to perform even sedentary work if Dr. Benjamin's testimony was
25  taken as true. Tr. at 95. The VE was not asked, however, whether plaintiff could perform
26  the positions of cashier, general office clerk, and assembler if her symptom testimony was
27  credited. Plaintiff testified that she had to change positions frequently to alleviate her pain,
28  which may or may not be adequately addressed by the sit/stand option the VE testified was

available for these jobs.  And it is not clear from either plaintiff or Ms. Clevinger's testimony that plaintiff's pain would prevent her from maintaining concentration, pace, or persistence for a full work-day, which the VE testified would preclude her from performing these jobs. Tr. at 94-95.  It may be the case that plaintiff can perform these jobs even if her pain testimony is credited.  On the other hand, it may not.  Thus, it is unclear from the record that the ALJ would be required to find plaintiff disabled even if her testimony is credited as true. An immediate award of benefits is therefore not warranted.

A court may credit a plaintiff's symptom testimony as true even where a remand for further proceedings is needed, especially in cases where a plaintiff is of advanced age and has suffered a "severe delay" in the application process.  Vasquez, 572 F.3d at 593-94.  We decline to do so in this case.  Plaintiff's application was filed three years ago, which is not an extraordinary amount of time by social security standards.  See id. (severe delay when application for benefits filed nearly seven years before); Loveless v. Astrue, 09-CV-00830-JWS, 2010 WL 2720848, at *3 (D. Ariz. July 9, 2010) (application pending nearly seven years was not "an extraordinarily lengthy period of time").

## VIII. Conclusion

**IT IS ORDERED REVERSING** the decision of the Commissioner and **REMANDING** for rehearing or reconsideration under sentence four of 42 U.S.C. § 405(g). On remand the ALJ is directed to:

(1) reevaluate the plaintiff's subjective symptoms;

(2) evaluate the lay witness testimony of Michelle Clevinger;

(3) if plaintiff's RFC is adjusted by the ALJ's consideration of the above evidence, consult a VE as needed to determine whether there are a significant number of jobs in the national economy that plaintiff can perform given her age, education, work experience, and RFC. The Clerk shall enter judgment.

DATED this 19th day of April, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 8 -