**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Ann Beck,             )<br>                                              )<br>     Plaintiff,                 )<br>                                              )<br>vs.                                       )<br>                                              )<br>Michael J. Astrue,            )<br>                                              )<br>     Defendant.             )<br>_____) | CV 11-01813-PHX-FJM<br><br>**ORDER** |

We have before us plaintiff's motion for attorneys' fees and expenses (doc. 17), defendant's response (doc. 18), and plaintiff's reply (doc. 19).

On April 20, 2012, the Clerk entered judgment reversing the Commissioner's order denying plaintiff disability benefits and remanding for further proceedings (doc. 16). Plaintiff moved for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA") on July 20, 2012.[1]  A motion requesting attorneys' fees under the EAJA must be filed within thirty days of final judgment.  28 U.S.C. § 2412(d)(1)(B).  Plaintiff acknowledges that her motion was filed one day late due to a calendaring error in her lawyer's office.  She asks that we apply the doctrine of equitable tolling and treat her motion as timely-filed.

---

[1] Plaintiff originally also sought reimbursement of her filing fee under 28 U.S.C. § 1920. On reply, she acknowledges that was error and withdraws her request for expenses.

It is unclear whether equitable tolling is available for EAJA motions for attorneys' fees. See Scarborough v. Principi, 541 U.S. 401, 421 n.8, 124 S. Ct. 1856, 1869 n.8 (2004). We need not decide that question today, because even if equitable tolling is available, plaintiff has not shown that it should be applied in her case. Plaintiff urges us to focus on the fact that the motion was filed only one day late, arguing there would be no prejudice to defendant in accepting the late filing. But when equitable tolling applies, its principles "do not extend to. . . garden variety claim[s] of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 458 (1990). Courts are reluctant to receive late filings "where the claimant failed to exercise due diligence in preserving his legal rights," and grant relief "only sparingly." Id. at 96, 111 S. Ct. at 457-58. The only reason plaintiff offers for her late filing is her lawyer's calendaring error. A review of her lawyer's itemization of fees, however, reveals that work on the motion for EAJA fees did not commence until July 20, 2012, one day after the deadline for filing the motion. These facts do not show that plaintiff (or more appropriately, her lawyer) exercised due diligence in meeting the filing deadline. Accordingly, even if equitable tolling is available, it is not applicable in this case.

**IT IS ORDERED DENYING** plaintiff's motion for attorneys' fees and expenses (doc. 17).

DATED this 23rd day of August, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge